# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **RHONDA KIRKMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **1:08CV273** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Rhonda Kirkman seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claims for Disability Insurance Benefits and Supplemental Security Income ("SSI"). The Commissioner's denial decision became final on February 20, 2008, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

## The Claimant

Plaintiff was born on September 22, 1961, and was 42 years of age on her alleged onset date of disability. She has a high school education. Plaintiff has past relevant work experience as a convenience store manager and auto salesperson. Plaintiff alleges disability

as of November 24, 2003, due to fibromyalgia, headaches, nerves, depression and memory problems.

<h2 style="text-align:center">The Administrative Proceedings</h2>

Plaintiff protectively filed applications for Disability Insurance Benefits and SSI on March 1, 2004, alleging disability as of November 24, 2003, due to fibromyalgia, headaches, nerves, depression and memory problems.[1]   Her claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing.   A hearing was held on November 28, 2005, and  a decision denying benefits was issued on July 11, 2006.  Plaintiff filed a request for review, and on December 6, 2006, the Appeals Council granted review and remanded the matter to the ALJ for further consideration.   On May 30, 2007, a second hearing was held, and on September 13, 2007, a second decision denying benefits was issued. The Plaintiff again sought review, and on February 20, 2008, the Appeals Council found no basis for review of the ALJ's decision.  Plaintiff then filed this request for judicial review.

The findings of the ALJ relevant to this review include the following:

1-2.   Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2008 and has not engaged in substantial gainful activity since November 24, 2003, her alleged onset date of disability.

---

[1]  Plaintiff previously filed applications for Disability Insurance Benefits and SSI on September 18, 1995, alleging disability as of February 1, 1995.  Plaintiff's claims were denied in April, 1997 at the administrative hearing level.  (*See* Tr. at 103.)

3-4.   Plaintiff's bipolar, anxiety and personality disorders are severe impairments but do not meet or medically equal one of the listed impairments in Appendix 1 to Subpart P of Social Security Regulation No. 4.

5-6.   Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels which involves no public contact, no frequent or constant co-worker intervention, no high pressure and no frequent changes in work procedures.  Plaintiff is, however, unable to perform her past relevant work.

7-9.   Plaintiff was born on September 22, 1961 and was 42 years old, which is defined as a "younger individual," on her alleged onset date of disability. She has at least a high school education and can communicate in English. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is not disabled whether or not Plaintiff has transferable job skills.

10-11.  Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Therefore, Plaintiff has not been under a disability, as defined by the Social Security Act, from November 24, 2003 through the date of the decision.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

## Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. §§ 404.1520, 416.920 (2009). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. The burden of persuasion is on the claimant through

the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering her age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on November 24, 2003, her alleged onset date of disability. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time since her alleged onset date of disability. Proceeding to steps two and three, the ALJ found that Plaintiff suffers from severe impairments including bipolar, anxiety and personality disorders, but does not have an impairment, or combination of impairments, that meets or equals the ones listed in Appendix 1, Subpart P, Regulations Number 4.

The ALJ concluded his evaluation at steps four and five, finding that Plaintiff has the residual functional capacity to perform work at all exertional levels involving no public contact, no frequent or constant co-worker intervention, no high pressure, and no frequent changes in work procedures. She is, however, not able to return to her past relevant work. The ALJ concluded that considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

-5-

In this action for judicial review, Plaintiff argues that the ALJ failed to give sufficient weight to the opinion of Dr. Richard Pallazza, Ph.D., an examining psychological consultant. (Docket No. 12, Pl.'s Br. in Supp. of Mot. for Summ J., at 7.) Specifically, Plaintiff contends that Dr. Pallazza's statements that Plaintiff "'would probably make a poor work adjustment'" and "'attends too much to her internal dialogue and may miss instructions'" may support a finding of disability, and therefore, the ALJ's finding of disability is in error. (*Id.*)(quoting Tr. at 277, 280.) The Court disagrees. As the initial matter, the Court notes that Plaintiff's argument is somewhat misdirected in view of the nature and scope of the Court's review. As the Court stated previously, its review of the facts is limited to whether the Commissioner's findings are supported by substantial evidence. *Hays*, 907 F.2d at 1456. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Thus, whether Dr. Pallazza's statements *may* support a disability finding is not an issue properly before the Court. Instead, the Court reviews the record only to determine if the ALJ's findings are supported by substantial evidence, and in this matter, the Court determines that they are.

In his report, Dr. Pallazza did opine that Plaintiff "would probably make a poor work adjustment." (Tr. at 277.) Nevertheless, Dr. Pallazza concluded that Plaintiff is not limited in her ability to understand, remember and carry out short, simple instructions; to understand and carry out detailed instructions; or to make judgments on simple work-related decisions. (*Id.* at 279.) Nor, in Dr. Pallazza's opinion, is Plaintiff limited in her abilities to interact

-6-

appropriately with the public, supervisors and co-workers and is only moderately limited in her ability to respond appropriately to work pressures in a usual work setting. (*Id.* at 280.) Moreover, although Dr. Pallazza stated that Plaintiff "attends too much to her internal dialogue and may miss instructions," he concluded that this difficulty left her only slightly limited in her ability to respond appropriately to changes in a routine work setting. (*Id.*) Thus, contrary to Plaintiff's argument, Dr. Pallazza's report constitutes substantial evidence in support of the ALJ's findings. On review of the entire record, the Court finds that the ALJ assessed the import of Dr. Pallazza's report in a manner that is free of error.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (Docket No. 11) be denied, that the Commissioner's motion for judgment on the pleadings (Docket No. 14) be granted, and that judgment be entered in favor of Commissioner.

_____/s/ P. Trevor Sharp_____
United States Magistrate Judge

Date: November 4, 2009